IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL RAY ORNDORFF,
ADC #104119                                                                                         PLAINTIFF

5:08CV00294WRW/HLJ

CORRECTIONAL MEDICAL
SERVICES, INC., et al.                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

1

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

### **DISPOSITION**

#### I. Introduction

This matter is before the Court on the motions to dismiss filed by remaining defendants Shah and Bradley Watson[1] (DE ##63, 70). Plaintiff has filed a response in opposition to the motion (DE #74).

Plaintiff is a state inmate incarcerated at the Tucker Unit of the Arkansas Department of Correction (ADC). He filed this action against defendants pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, based on defendants' alleged failure to properly treat his appendicitis attack in 2006, which resulted in an emergency appendectomy. Plaintiff asks for monetary and injunctive relief from defendants.

By Order dated January 4, 2010, this Court granted the motions for summary judgment filed by defendants Correctional Medical Services, Inc. (CMS) and Mullins. That Order adopted the December 16, 2009 Partial Report and Recommendation of the Undersigned, which found that plaintiff did not exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, with respect to claims concerning his medical care and treatment in 2006. The Court stated, "plaintiff does not deny that he did not file a timely grievance about the incident..." DE #61, p. 5-6.

---

[1] See DE #77.

In the present motions, defendants incorporate by reference the prior summary judgment motions of defendants CMS and Mullins, the Court's December 16, 2009 Partial Report and Recommendation, and the January 4, 2010 Order adopting such. Defendants state based on the Court's findings, plaintiff's allegations against them also should be dismissed for failure to exhaust his administrative remedies as required by the PLRA.

In his response, plaintiff states he filed a grievance on June 6, 2008 and appealed that grievance on August 21, 2008. He also states defendant Bradley Watson should be estopped from asserting an exhaustion defense, as she has not previously raised this defense.

In their reply, defendants state the law of the case, as set forth in this Court's December 16, 2009 Partial Report and Recommendation, and the January 4, 2010 Order adopting such, provides that plaintiff failed to exhaust his claims concerning the events which occurred in 2006. Defendant Bradley Watson also states she was recently served with the complaint on December 18, 2009, and has not filed an answer raising affirmative defenses, because she raised the failure to exhaust defense in her present motion to dismiss.

As noted in the Court's December 16, 2009 Partial Report and Recommendation, the PLRA states:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In <u>Booth v. Churner</u>, 121 S.CT. 1819, 1825 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in <u>Chelette v. Harris</u>, 229 F.3d 684, 688 (8th Cir. 2000),

the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." Finally, in Jones v. Bock, 549 U.S.199, 218 (2007), the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." The Court in Jones also held that an inmate's exhaustion of some, but not all claims, does not warrant dismissal of the entire action.

Furthermore, in that Recommendation, as noted above, the Court found that plaintiff did not file a timely grievance about the 2006 incident. While plaintiff now states that he did file a grievance in 2008, such was not timely filed within the ADC grievance procedure, and therefore, was not addressed, and not exhausted. See DE #46, Exs. A and B.

The Court also finds that defendant Bradley Watson is not estopped from asserting her defense in her motion to dismiss, pursuant to FEd.R.Civ.P. 12 (b). Accordingly,

IT IS, THEREFORE, ORDERED that the motions to dismiss filed by defendants Shah and Bradley Watson (DE ##63, 70) are GRANTED, and plaintiff's complaint against defendants is DISMISSED with prejudice.

IT IS SO ORDERED this 22nd day of February, 2010.

*Henry L. Jones, Jr.*
United States Magistrate Judge